Julie A. Weis, OSB 97432
Email: jweis@hk-law.com
HAGLUND KELLEY JONES & WILDER LLP
200 SW Market, Suite 1777
Portland, OR 97201
Phone: (503) 225-0777
Fax: (503) 225-1257

Dale Riddle, OSB 813527
Email: DRiddle@SenecaSawmill.com
Seneca Sawmill Company, Sr. Vice President/Legal Affairs
P.O. Box 851
Eugene, OR 97440
Phone: (541) 461-6233
Fax: (541) 689-6509

Attorneys for Defendant-Intervenor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
(Portland Division)

| | |
|---|---|
| **CASCADIA WILDLANDS; and OREGON WILD**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES FOREST SERVICE, an administrative agency of the United States Department of Agriculture**, <br><br> Defendants, <br><br> And <br><br> **SENECA SAWMILL COMPANY**, <br><br> Defendant-Intervenor. | Civil No. 10-CV-06337-TC <br><br><br> **DEFENDANT-INTERVENOR'S MOTION FOR CLARIFICATION** |

PAGE 1 – DEFENDANT-INTERVENOR'S MOTION FOR CLARIFICATION

**Haglund Kelley Jones & Wilder, LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR 97201**
**Tel: (503) 225-0777 / Fax: (503) 225-1257**

## Local Rule 7-1 Certification

Pursuant to Local Rule 7-1, the parties made a good faith effort to reach agreement about the subject of this motion but have been unable to do so. As part of the conferral process, defendant-intervenor Seneca Sawmill Company (Seneca) shared a near-final version of this motion with the parties. After reviewing the motion, federal-defendants take no position, and plaintiffs oppose it and would file a response brief in the normal schedule.

## Motion

Seneca respectfully moves the Court for clarification of its May 24, 2011 Order (Order) enjoining the Trapper Timber sale pending the Forest Service's preparation of a supplemental environmental assessment (EA) that addresses new information regarding the northern spotted owl and the learning value of the Trapper Project. Seneca makes this motion because it believes the Forest Service is unclear as to the scope of analysis called for on remand, which lack of clarity could lead to a lengthy, costly analysis not focused on the deficiencies identified by the Court. Seneca seeks clarification in two respects described below and discussed more fully in the accompanying memorandum.

First, the Court should clarify that the Order does not require the Court-ordered supplemental EA to start from scratch on issues either not found deficient by the Court or not challenged by plaintiffs. Seneca heard loud and clear the Court's admonition that the supplemental EA must address new information relating to the northern spotted owl and the learning value of the Trapper Project. The Court did not find the EA deficient on logging economics or red tree vole grounds, however, nor on the myriad other grounds often raised by environmental plaintiffs but not challenged in this case – water quality and aquatic resources, for

PAGE 2 – DEFENDANT-INTERVENOR'S MOTION
FOR CLARIFICATION

**Haglund Kelley Jones & Wilder, LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257

example. To illustrate the propriety of a supplemental National Environmental Policy Act (NEPA) analysis that is limited to issues found deficient by a court, Seneca offers two examples in its accompanying memorandum: (1) the Basin Creek Hazardous Fuels Reduction Project found deficient by Judge Molloy on soil productivity analysis grounds, as a result of which supplemental environmental analysis limited to soil productivity was performed by the Forest Service; and (2) the long-running 2008 Federal Columbia River Power System case, where Judge Redden in 2010 strongly encouraged federal defendants to agree to a limited remand not for the purpose of starting over from scratch but rather to address certain defined issues of concern to the court, including inclusion of an adaptive management implementation plan in the biological opinion.

Second, the Court should clarify that the Order was not intended to predetermine the outcome of the supplemental NEPA process by referring to a "supplemental Decision Notice," Order at 25, the meaning of which term is unclear but which should not be equated with a per se new decision as if Trapper were a new project. Clarification is warranted because, prior to preparing the supplemental EA ordered by the Court, the Forest Service is not in a position to discern whether the Trapper Project should be modified such that a supplemental decision is warranted. Indeed, the law recognizes that in some situations a decision need not be revisited after NEPA supplementation. See, e.g., 36 C.F.R. 215.12(b) (referring to the situation where "a new decision is not needed following supplementation of an environmental impact statement (EIS) or revision of an environmental assessment (EA) pursuant to FSH 1909.15, Chapter 10, section 18"). The referenced section of the Forest Service Handbook (FSH) likewise recognizes that a revisited decision is not the inevitable outcome of a supplemental NEPA analysis, and that

PAGE 3 – DEFENDANT-INTERVENOR'S MOTION FOR CLARIFICATION

Haglund Kelley Jones & Wilder, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257

where a supplemental decision is needed, it may be limited in scope. FSH 1909.15, Chapter 10, Section 18.4 ("Upon completion of the supplemented or revised EA, prepare a new finding of no significant impact (FONSI) which addresses the effects of the action. Reconsider the original decision; and, based upon the EA and FONSI, issue a new decision notice or document that the original decision is to remain in effect and unchanged. A new decision notice may address all or a portion of the original decision.").

In summary, Seneca asks the Court to clarify that the Order: (1) does not require the Forest Service to take a NEPA "hard look" at issues other than those found deficient by the Court, i.e. northern spotted owls and the learning value of the Trapper Project; and (2) does not predetermine the outcome of the supplemental NEPA analysis ordered by the Court regarding the northern spotted owl and the learning value of the Trapper Project.

RESPECTFULLY SUBMITTED this 19th day of July, 2011.

HAGLUND KELLEY JONES & WILDER LLP

By:   /s/ Julie A. Weis
     Julie A. Weis, OSB 97432

SENECA SAWMILL COMPANY

By:   /s/ Dale Riddle
     Dale Riddle, OSB 813527

Attorneys for Defendant-Intervenor

PAGE 4 – DEFENDANT-INTERVENOR'S MOTION FOR CLARIFICATION

Haglund Kelley Jones & Wilder, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257